UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Dawn Staeger,**<br><br>            Plaintiff,<br><br>v.<br><br>**Southern Solar, LLC,**<br><br>            Defendant. | Case No.  3:22-cv-00061<br><br>Complaint and Demand for Jury Trial |

## COMPLAINT

**Dawn Staeger** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Southern Solar, LLC** (Defendant):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

1

3. This Court has personal jurisdiction over Defendant because Defendant is headquartered in and regularly and systematically conducts business in the State of Texas.

4. Furthermore, the acts and omissions underlying this case occurred in Texas.

5. This Complaint relates to unlawful phone calls made to Plaintiff on her cell phones.

6. At all times relevant hereto, Plaintiff Staeger owned a cell phone with a "214" area code.

7. That area code is associated with the Dallas-Fort Worth region of Texas.

8. Defendant operates out of Dallas and further availed itself to this District by calling Plaintiff on her cell phone.

9. Accordingly, personal jurisdiction exists and venue is proper, pursuant to 28 U.S.C. §§ 11391(b)(1).and 1391(b)(2).

## PARTIES

10. Plaintiff Dawn Staeger is a natural person who at all times relevant hereto, resided in Terrell, Texas 75160.

11. Ms. Staeger is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant is a limited liability company, which at all times relevant hereto, maintained a primary place of business, head office, or otherwise valid mailing address at 5307 E Mockingbird Ln., 5th floor, Dallas, Texas 75206.

13. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

15. At all times relevant hereto, Ms. Staeger owned a cell phone, the number for which was (817) XXX-8911.

16. Ms. Staeger used that cell phone for primarily residential purposes.

17. Ms. Staeger registered her phone number on the federal Do Not Call Registry in or around December 2004.

18. Ms. Staeger registered her number on the Do Not Call Registry in order to obtain solitude from unwanted and invasive telemarketing calls.

19. Plaintiff lives in a neighborhood where solar panels are not permitted.

20. Accordingly, before Southern Solar began its telemarketing campaign, Staeger never inquired or expressed interest in solar panels.

21. Staeger did not consent for Southern Solar to place telemarketing calls to her.

22. Despite the foregoing, in the summer of 2020, Southern Solar placed a series of unwanted calls to her cell phone in order to solicit solar panels.

23. Southern Solar called her on instances including but not limited to:

- June 23, 2020, at 3:25 pm CST;
- June 23, 2020, at3:44 pm CST;
- June 24, 2020, at 11:37 am CST;
- June 25, 2020, at 6:27 pm CST;
- June 26, 2020, at 11:25 am CST;
- June 30, 2020, at 4:10 pm CST; and
- June 30, 2020, at 4:17 pm CST.

(true and correct copies of screenshots Ms. Staeger took reflecting those calls are attached as Exhibit "A.")

24. During each of those calls Defendant was attempting to sell solar panels.

25. When Ms. Staeger inquired as to the identity of the calling party, Defendant stated the company was "Sun-Ray Solar."

26. In order to ascertain the true identity of the party unlawfully calling her - despite her registration on the Do Not Call list and the fact she did not consent to those telemarketing calls- Staeger feigned interest in the product the telemarketers were selling.

27. In the course of doing so, Plaintiff was able to confirm it was in fact *Southern Solar* (rather than "Sun-Ray Solar") calling her phone.

28. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

29. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c)(5) for at least thirty (30) days on two or more occasions .

32. Defendants contacted Plaintiff for solicitation purposes on two or more occasions despite the fact that Plaintiff's phone number was on the Do Not Call Registry since 2004.

33. Defendants' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff, **Dawn Staeger,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(c);

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5);

c. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5);

d. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Dawn Staeger,** demands a jury trial in this case.

Respectfully submitted,

Dated: January 10, 2022

By: *s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com